IRVING, P.J.,
dissenting:
¶ 34. The majority finds that the Board of Supervisors of Jefferson Davis County (Board) violated Freda Howell’s due process rights when it unilaterally, without notice to her, abrogated her contract to provide meals to the prisoners of the county and awarded the contract to an alternate bidder. I agree. The majority then reverses the judgment of the circuit court, which had affirmed the Board’s actions, and remands the case to the circuit court “to provide Howell with proceedings that afford her procedural due process — namely, the opportunity to defend against the Board’s claims that it justifiably stopped using her meal service — as well as comply with section 31-7-13.” Majority opinion at (¶ 31). I disagree with the remedy mandated by the majority. Therefore, I dissent. I believe that the judgment of the circuit court should be reversed and rendered and the case remanded for a determination of damages and costs pursuant to the law of contracts and Mississippi Code Annotated section 11-51-75 (Rev.2002).
¶35. On January 5, 2009, the Board accepted a bid from Howell, doing business as Lickity Splitz, to be the primary provider of catered meals to county prisoners at the rate of $11 per prisoner, per day. Four days later, the Board’s attorney sent a letter to Howell advising her that the Board had decided to use the services of Bassfield Texaco, which had also submitted a bid and had been accepted by the *1158 Board as the alternate provider of meals for the county’s prisoners. Bassfield Texaco’s bid was for $13.10 per prisoner, per day. Apparently, the Board had not, in an official meeting, authorized the Board’s attorney to send the letter, and the record does not provide any explanation as to the basis for the attorney’s authority to send it.[2] Nevertheless, in an official meeting of the Board on January 20, 2009, the Board ratified the actions of its attorney in sending the letter. Also, on the same date, the Board entered an order, finding as follows:
Whereas, based on the negative report received from Sheriff McCullum and the representatives of the Board regarding the conditions of said facilities, the Board has found that Lickity Splitz cannot deliver the commodities contained in their bid.
IT IS THEREFORE HEREBY ORDERED AND RATIFIED that the alternate bidder, Bassfield Texaco[,] shall provide prisoner meals for the County for the year 2009 or until further order of the Board.
¶ 36. In the meantime, unaware of the Board’s action on January 20, Howell, acting pursuant to the letter that she had received from the Board’s attorney, appealed to the circuit court, which did not render a decision until December 29, 2009. In its December order, the circuit court remanded the matter to the Board with instructions to the Board to amend, nunc pro tunc, its January 20, 2009 minutes to reflect the amounts of Howell’s and Bass-field Texaco’s bids and the report of Sheriff McCullum and the representatives of the Board who had inspected Howell’s facilities.
¶ 37. On January 19, 2010, the Board complied with the order of the circuit court by issuing two orders nunc pro tunc: one amending its January 5, 2009 minutes to reflect the bid amounts of Howell and Bassfield Texaco and one amending its January 20, 2009 minutes to reflect an affidavit from the Board’s president detailing the findings of the group that visited Howell’s business after accepting her bid on January 5, 2009.
¶ 38. On April 2, 2010, the circuit court found that the Board’s decision — that Howell could not deliver the commodities contained in her bid — was fairly debatable and that the circuit court could not substitute its judgment for that of the Board. Therefore, the circuit court, finding that the Board’s decision was not arbitrary and capricious, affirmed the Board’s decision to use the alternate bidder, Bassfield Texaco, to provide meals to the prisoners of Jefferson Davis County. From a review of the circuit court’s December 29 order remanding the matter to the Board, it is clear that undergirding the court’s decision to affirm the actions of the Board is the court’s belief that the Board’s action is justified under Mississippi Code Annotated section 31 — 7—13(f) (Rev.2010), which states:
When necessary to ensure ready availability of commodities for public works and the timely completion of public projects, no more than two (2) alternate bids may be accepted by a governing authority for commodities. No purchases may be made through [the] use of such alternate[-]bids procedure unless the lowest and best bidder cannot deliver the commodities contained in his bid. *1159 In that event, purchases of such commodities may be made from one (1) of the bidders whose bid was accepted as an alternate.
¶ 39. I agree with the majority that the circuit court erred in relying upon section 31 — 7—13(f) as justification for the Board’s unilateral abandonment of its contract with Howell after it had accepted her bid. Providing meals to prisoners does not involve “commodities for public works.” Despite holding that the circuit court erred in relying upon section 31 — 7—13(f) to affirm the Board’s actions, the majority mysteriously states, without citation of authority: “[W]e cannot say, had the Board provided Howell with a hearing, it would have been unjustified in ending the contract. Therefore, any award for contract damages would be premature.” Majority opinion at (¶ 32).
¶ 40. It should be noted that there is no evidence in the record that Howell breached her contract to provide the meals. Rather, the evidence is that she was never given a chance to provide the meals. I know of no authority that would allow the Board, as it did here, to change its mind and unilaterally abandon its obligation to honor the resulting contract with Howell when it accepted her bid. She was entitled not to a hearing to prove that she could perform the contract, but to the opportunity to perform. Had she been unable to perform, then she would have been in breach of contract, and in that event, the Board would have been justified in obtaining performance from another, with Howell being responsible for any damages the Board may have suffered because of her breach.[3] Therefore, I agree with Howell that she is entitled to damages occasioned by the Board’s breach of their contract.
¶ 41. Pursuant to section 11-51-75, the circuit court, in its initial order, should have ordered the Board to honor its contractual obligations with Howell rather than remand the case to the Board for amendment of the Board’s minutes. Since specific performance is not now possible, Howell is entitled to an award of compensatory damages under the law of contracts. City of Durant v. Laws Constr. Co., 721 So.2d 598, 606 (¶ 34) (Miss.1998). I would reverse and render the judgment of the circuit court and remand this case to the circuit court for a determination of damages and costs in accordance with the requirements of section 11-51-75 and City of Durant. For the reasons presented, I dissent.
GRIFFIS, P.J., AND ROBERTS, J., JOIN THIS OPINION. RUSSELL, J., JOINS THIS OPINION IN PART.

. At some point following the January 5 meeting, Sheriff Henry McCullum and two members of the Board inspected Howell’s business and determined that it was not suitable for the preparation of the meals. Apparently, it was following this inspection when the Board unofficially decided to use the alternate bidder, thereby prompting the letter to Howell. However, the advertisement for bids issued by the Board did not make acceptance of the bids contingent upon an inspection of the premises of the successful bidder.

. The record reflects that at the time of Howell’s bid, she was in her second, non-consecutive year of providing meals to the prisoners in Covington County, Mississippi, pursuant to a contract with that county. The record also reflects that she had a current food permit from the Mississippi State Department of Health to operate a facility at 102 Covington Plaza, Collins, Mississippi 39428. I should also note that the advertisement for bids issued by the Board contained no provision as to where the meals were to be prepared.